# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2502

_____

United States of America,

      Plaintiff - Appellee,

v.

Christine Marie Goodwin,

      Defendant - Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*
\*

_____

Submitted: February 14, 2007
Filed: May 25, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Christine Goodwin and Lynn Lazenby entered into plea agreements and pleaded guilty to participating in an extensive conspiracy to manufacture and distribute methamphetamine in the Northern District of Iowa. Goodwin stipulated to purchasing a larger quantity of a methamphetamine precursor in furtherance of the conspiracy, which resulted in the bottom of her advisory guidelines sentencing range being seventeen months higher than the bottom of Lazenby's range. Goodwin and Lazenby were sentenced by different district judges. One judge gave Lazenby a substantial variance and sentenced her to twelve months in prison. The government appealed. The other judge sentenced Goodwin to 87 months in prison, the bottom of her range. Goodwin appealed, relying in large part on the disparity in the sentences imposed on

two conspirators who were in many other respects similarly situated. We consolidated the appeals and after oral argument remanded both cases for resentencing. United States v. Lazenby, 439 F.3d 928 (8th Cir. 2006).

On remand, Goodwin and Lazenby were separately sentenced by Chief Judge Linda R. Reade. Judge Reade sentenced Lazenby to 70 months in prison, the bottom of her range, and then conducted Goodwin's sentencing hearing that same day. After extended arguments by counsel, the court explained that it had considered all fact materials in the sentencing record, the sentences imposed on Goodwin's co-conspirators, the fact that Goodwin engaged in illegal conduct while on state probation, her family situation and employment history, and the calculation of her advisory guidelines sentencing range. The court noted that Goodwin's cooperation with the government had been taken into account with a three-level acceptance of responsibility reduction and a two-level safety valve reduction and found that "[t]he steps she took to improve herself are commendable, but they're not extraordinary." Taking into account "all the statutory factors" in 18 U.S.C. § 3553(a), the court declined to depart or vary downward from the guidelines range and again sentenced Goodwin to 87 months in prison. Goodwin appeals the sentence as unreasonable under United States v. Booker, 543 U.S. 220 (2005).

On appeal, Goodwin argues that the district court violated the law of the case when it imposed the identical sentence that we reversed in Lazenby. We disagree. In deciding the first appeals, we were concerned by "the extreme disparity between the sentences imposed on two similarly situated conspirators." 439 F.3d at 934. After concluding that Lazenby's sentence was unreasonable, we remanded her case for resentencing. We then remanded Goodwin's case for resentencing as well, noting that this would provide the district court an opportunity to address a number of "highly unusual" circumstances -- the extreme sentencing disparity among similarly situated conspirators, whether the stipulated drug quantities had produced "Guidelines-created disparity," and whether Goodwin's cooperation had been adequately taken into

account.  We in no way limited or restricted the court's sentencing discretion under <u>Booker</u> on remand.

Goodwin further argues that it was unreasonable for the district court to sentence both Lazenby and Goodwin at the bottom of their respective advisory guidelines ranges, "even when factoring in the different drug quantities," because of "the difference in their post-indictment cooperation."  The district court carefully explained how it took these and other relevant facts and the statutory sentencing factors into account in determining the sentence to impose.  The extreme sentencing disparity among similarly situated conspirators has been eliminated.  After careful review of the sentencing record, we conclude that the sentence imposed was well within the range of reasonableness left by <u>Booker</u> to the district court's discretion.

The judgment of the district court is affirmed.

_____