**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4574**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REMARIO REVONTE AUSTIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:05-cr-00815-HMH-9)

Submitted:  November 15, 2007    Decided:  November 21, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Remario Revonte Austin pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841, 846 (2000), and was sentenced to seventy-eight months in prison. Counsel for Austin has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal, but asserting that the district court should have reduced Austin's Guidelines range by three for acceptance of responsibility pursuant to U.S. Sentencing Guidelines ("USSG") § 3B1.1(b) (2005), despite his post-plea arrest for unrelated drug activity. Austin has filed a pro se supplemental brief summarily claiming that a federal officer inappropriately arranged for the post-plea state arrest. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. After a Fed. R. Crim. P. 11 hearing at which Austin admitted his guilt,[*] the district court adopted the findings

---

[*]Although it was error for the district court not to discuss the particular portions of Austin's plea agreement during the Rule 11 colloquy, and this error was plain, we conclude the error did not affect Austin's substantial rights. See United States v. Olano, 507 U.S. 725, 731-32, 734 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).

contained in the presentence investigation report without objection, considered the 18 U.S.C. § 3553(a) (2000) factors, and sentenced Austin to the low end of a properly calculated Guidelines range. See United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Moreover, it was not error for the district court to refuse to apply a three-point reduction to Austin's Guidelines range because the Guidelines' commentary explicitly provides that a district court may consider whether the defendant withdrew from criminal conduct when determining whether to apply the three-point reduction for acceptance of responsibility. See USSG § 3E1.1 cmt. n.1(b) (2005); see also United States v. Dugger, 485 F.3d 236, 240 (4th Cir. 2007) ("The decision to grant an acceptance-of-responsibility reduction often depends on the actions of the defendant following his or her arrest or plea.").

Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Austin in writing of his right to petition the Supreme Court for further review. If Austin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Austin. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
